# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

United States of America
v.
Sheldon Wilson
*Defendant*

Case No. 1:26-mj-2209

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

- ☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**
- ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**
- ☑ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

- ☐ **(1)** a serious risk that the defendant will flee if released; **or**
- ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

☐ The defendant has not rebutted the presumption.

**OR**

☐ The defendant has rebutted the presumption.

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☑ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☑ Weight of evidence against the defendant is strong.
- ☐ Subject to lengthy period of incarceration if convicted.
- ☐ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☐ Lack of stable employment.
- ☐ Lack of financially responsible sureties.
- ☐ Prior attempt(s) to evade law enforcement.
- ☐ Use of alias(es) or false documents.
- ☐ History of alcohol or substance abuse.
- ☑ Prior criminal history.
- ☑ History of violence or use of weapons.
- ☑ Prior violations of probation, parole, or supervised release.
- ☐ Prior failure to appear in court as ordered.
- ☑ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- ☑ Participation in criminal activity while on probation, parole, or supervision.
- ☑ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

Evidence presented revealed that when authorities executed a search warrant at Defendant's residence, they found in his possession a stolen firearm, 1.1 grams of crack, 8.6 grams of fentanyl, multiple scales, and multiple phones. This evidence is notable because, at the time, Defendant was under state supervision following his state convictions for felony failure to comply and, separately, for felony burglary, felony violation of a protective order, and misdemeanor domestic violence. In the time between the conduct that led to these convictions, Defendant operated a vehicle while under the influence of alcohol or drugs. This led to a misdemeanor conviction for this offense. Before these convictions, Defendant was convicted in this Court of two counts of distribution of controlled substances. While serving a post-custodial period of supervised release, Defendant repeatedly violated the terms of his release. In 2017, Defendant was convicted of two counts of felony drug possession. He later violated the terms of his community control. In 2012, Defendant was convicted of felonious assault.

With above in mind, the Court notes that the offense charged in this case involves a firearm. 18 U.S.C. § 3142(g)(1).

The weight of the evidence of dangerousness, which is discussed above, is strong. 18 U.S.C. § 3142(g)(2).

As to Defendant's history and characteristics, see 18 U.S.C. § 3142(g)(3), the Court incorporates by reference what is reflected in the pretrial services report. Also, Defendant's sister would allow him to live at her home with her family if he were subject to being confined there with an ankle monitor. Defendant was notably under supervision at the time of the alleged offense. See 18 U.S.C. § 3142(g)(3)(B).

The final factor is the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g)(4). Defendant has a history of violence and repeated failure to comply with court-ordered terms of release. His distribution conviction adds to the evidence of dangerousness. See United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Even putting aside the Government's contention that Defendant was involved in some way in distributing controlled substances, the fact remains that he was found in possession of a firearm and controlled substances while under state supervision. "[G]uns and drugs form a lethal combination," United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997), especially in the hands of someone on supervision. Moreover, given Defendant's history, the Court can have no confidence that Defendant would abide by any terms of release that the Court might impose.

Having considered the factors in Section 3142(g) and the least restrictive conditions that would reasonably assure the safety of any other person or the community if Defendant were released, the Court determines that the Government has carried its burden by clear and convincing evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of any other person and the community.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: September 22, 2026

/s/James E. Grimes Jr.

U.S. Magistrate Judge